# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2018, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Patricia C. McMath
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

In re the Commitment of
D.E.,
*Appellant-Respondent,*

v.

State of Indiana,
*Appellee-Petitioner.*

May 16, 2018

Court of Appeals Case No.
18A-MH-128

Appeal from the Henry Circuit
Court

The Honorable Kit C. Dean Crane,
Judge

Trial Court Cause No.
33C02-0605-MH-6

**Bailey, Judge.**

# Case Summary

[1] D.E. appeals an order continuing his involuntary commitment to Richmond State Hospital. He presents the sole issue of whether there is clear and convincing evidence that he is gravely disabled, pursuant to Indiana Code Section 12-7-2-96. We reverse.

# Facts and Procedural History

[2] D.E. has been diagnosed with chronic paranoid schizophrenia. In 2006, he was involuntarily committed to Logansport State Hospital. D.E.'s placement has changed over the years, and he has most recently resided in a transitional living program administered by Richmond State Hospital. He has obtained employment within the facility and saved several thousand dollars from his wages.

[3] On December 1, 2017, a review hearing was conducted, at which D.E. and Dr. Christhart Schilbach testified. Dr. Schilbach opined that D.E. was gravely disabled and that he could be dangerous if he discontinued medication, as Dr. Schilbach feared would happen without court-ordered supervision. D.E. testified that he disagreed with the mental health diagnosis, but was willing to continue taking medication.

[4] The trial court found that D.E. was suffering from a mental illness, specifically, chronic paranoid schizophrenia, and that he was gravely disabled as defined in Indiana Code Section 12-7-2-96. Based upon these findings, the trial court

concluded: "[D.E.] is in need of custody, care and treatment at Richmond State Hospital or an appropriate facility for a period expected to exceed ninety (90) days." (Appealed Order at 1, App. at 161.) D.E. appeals.

## Discussion and Decision

[5] To obtain a regular[1] involuntary commitment of an individual, the petitioner must prove, by clear and convincing evidence, that (1) the individual is mentally ill and either dangerous or gravely disabled; and (2) detention or commitment of that individual is appropriate. Ind. Code § 12-26-2-5(e); *In re the Civil Commitment of T.K. v. Dep't of Veterans Affairs*, 27 N.E.3d 271, 273 (Ind. 2015). The facts justifying an involuntary commitment must be shown by clear and convincing evidence to satisfy the requirements of due process. *Id.* This heightened standard of proof is required because the liberty interest at stake goes beyond a loss of one's physical freedom and may involve serious stigma and adverse social consequences. *Id.* (citing *Addington v. Texas*, 441 U.S. 418, 425-26 (1979)). The application of the heightened standard functions to reduce the chance of inappropriate commitments. *Id.*

[6] In reviewing the sufficiency of the evidence supporting a civil commitment decision, we consider only the probative evidence and reasonable inferences to

---

[1] The petitioner sought to continue D.E.'s regular commitment, which is for an indefinite period of time that might exceed 90 days. Our statutes also provide for immediate detention by law enforcement lasting up to 24 hours, Ind. Code § 12-26-4 *et seq.*, an emergency commitment lasting up to 72 hours, Ind. Code § 12-26-5 *et seq.*, and a temporary commitment for up to 90 days, Ind. Code § 12-26-6 *et seq.*

be drawn therefrom which support the decision and we will neither weigh the evidence nor assess witness credibility. *Id.* We will affirm if, considering the probative evidence and reasonable inferences favorable to the judgment, the trial judge could have found by clear and convincing evidence that the statutory elements were proven. *Id.* at 273-74.

[7] D.E. does not challenge the trial court's finding of mental illness and the trial court did not find D.E. to be dangerous. Accordingly, D.E. argues only that the evidence failed to establish, clearly and convincingly, that he is gravely disabled.

[8] Indiana Code Section 12-7-2-96 defines "Gravely disabled" as:

> a condition in which an individual, as a result of mental illness, is in danger of coming to harm because the individual:
>
> (1) is unable to provide for that individual's food, clothing, shelter, or other essential human needs; or
>
> (2) has a substantial impairment or an obvious deterioration of that individual's judgment, reasoning, or behavior that results in the individual's inability to function independently.

[9] Dr. Schilbach testified that D.E. has been diagnosed with chronic paranoid schizophrenia. He explained that "the hallmark of paranoid schizophrenia is delusions and/or auditory hallucinations," but D.E. "has no auditory hallucinations whatsoever." (Tr. Vol. II, pg. 51.) Rather, in Dr. Schilbach's opinion, D.E. has "fixed delusions about what brought him to the mental

health system," denying both that he has mental health issues and a need to take medication "to help fix" psychiatric issues. (Tr. Vol. II, pg. 51.) Dr. Schilbach also opined that D.E. expressed a delusional fear of coming to harm from other persons if he were placed in a facility in Indianapolis.

[10] Dr. Schilbach found D.E. to be very responsible and able to take care of his personal needs. He denied ever seeing D.E. act in a physically aggressive manner. When asked if D.E. was "gravely disabled as a result of this mental illness," and "whether or not his judgment is impaired to the extent that it affects his ability to function independently," (Tr. Vol. II, pg. 57), Dr. Schilbach replied indirectly:

> Apart from the statements he has made regarding non-compliance, he has done a very good job holding down a job, and I expect him to continue doing that if he stays on his medication, with community support, and with mental health support. I expect him to continue doing that.

(Tr. Vol. II, pgs. 57-58.)

[11] Dr. Schilbach later summarized his concerns:

> There's always some temptation with drugs, with cigarettes. He's stayed away from all this, so he's [] an exemplary young man who takes it seriously. The big problem is not accepting of his mental health diagnosis and potentially not accepting the medication, and then – then the consequences on [sic] that.

(Tr. Vol. II, pg. 69.)

[12] As Dr. Schilbach concluded his direct testimony, the trial court asked him, "does Mr. E. have a substantial impairment of his judgment, reasoning, or behavior, that results in his inability to function independently" and Dr. Schilbach responded "judgment, yes." (Tr. Vol. II, pg. 71.) At the conclusion of the hearing, the trial court addressed D.E. The trial court summarized portions of Dr. Schilbach's testimony – the diagnosis and the response to the trial court's statutory inquiry – and advised D.E., "the standard's been met by clear and convincing evidence." (Tr. Vol. II, pg. 104.)

[13] We look to the evidence presented at the December 1, 2017 commitment hearing which supports the judgment. *In re T.K.*, 27 N.E.3d at 237. Relative to grave disability, Dr. Schilbach opined that D.E.'s judgment was substantially impaired such that he was unable to function independently and explained that D.E.'s judgment fell short in two areas: acceptance of the mental health diagnosis and acknowledgment of the need for medication. The trial court credited Dr. Schilbach's assessment. However, refusal to admit to having a mental illness and refusal to medicate, "standing alone, are insufficient to establish grave disability because they do not establish, by clear and convincing evidence, that such behavior 'results in the individual's inability to function independently.'" *In re T.K.*, 27 N.E.3d at 276 (quoting Ind. Code § 12-7-2-96(2)).

[14] The State points out, and we acknowledge, that the appellant in *In re T.K.* was functioning independently in society – he was employed and renting a house. D.E. was not likewise living independently. Nonetheless, D.E. was not

required to establish that he was functioning independently; the petitioner for commitment was required to establish by clear and convincing evidence that D.E., as a result of his mental illness, had the inability to function independently. I.C. § 12-7-2-96. Evidence that a person has denied having a mental illness and refuses medication is, standing alone, insufficient to establish this inability to function independently. *In re T.K.*, 27 N.E.3d at 276. Testimony that D.E. has impaired judgment because of his rejection of a mental health diagnosis and his potential rejection of psychotropic medications did not meet the statutory burden of proof.

# Conclusion

[15] The evidence supporting the judgment was not sufficient to permit the trial court to find, by clear and convincing evidence, that the statutory elements were proven.

[16] Reversed.

Crone, J., and Brown, J., concur.